

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

# LETTER OPINION

August 16, 2010

Exemplaire Exantus
530 Valley Road
3rd Floor
West Orange, New Jersey 07052
    (*Plaintiff pro se*)

Andrew M. Moskowitz
Deutsch Atkins, PC
25 Main Street
Suite 104
Hackensack, New Jersey 07601
    (*Attorney for Defendant*)

> RE:   **Exantus v. Racquets Club of Short Hills**
>          **Civ. No. 09-6428 (WJM)**

Dear Counsel:

This matter comes before the Court the motion to dismiss filed by Defendant Racquets Club of Short Hills ("Racquets Club").  In addition, Plaintiff Exemplaire Exantus has filed a cross-motion to "affirm subject matter jurisdiction."  There was no oral argument.  Fed R. Civ. P. 78.  For the reasons stated below, Defendant's motion to dismiss is **GRANTED** and Plaintiff's cross-motion is denied as moot.

## I.   BACKGROUND

Plaintiff, Exemplaire Exantus, was hired by Defendant Racquets Club as a waiter/server in August 2008.  (Compl. ¶ 2.)  On December 30, 2008, Exantus sent a

1

letter of complaint to Defendant's general manager, Izabela Schick, stating that he was being subjected to a hostile work environment because of his national origin. (Compl. ¶ 2.) Defendant Racquets Club then fired Exantus shortly thereafter, attributing the termination to his poor job performance. (Compl. ¶ 2; Def.'s Mem. Ex. A at 4.)

In response to his discharge, Plaintiff filed a claim with the New Jersey Division on Civil Rights ("DCR"). Following its investigation, the DCR issued a finding of "no probable cause" on July 28, 2009. (Compl. Ex. B.) In its letter of dismissal, the DCR advised Plaintiff Exantus of his right to appeal and the requirement that he do so within forty-five days. (*Id.*)

In addition to his DCR action, Plaintiff filed a complaint with the Equal Employment Opportunity Commission related to his firing. On October 5, 2009, the EEOC adopted the findings of the DCR, closed its file, and issued a right to sue notice to Exantus. (Compl. Ex. F.) Following receipt of the right to sue notice, Plaintiff commenced the instant action, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the NJLAD. Defendant now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   DISCUSSION

### A.   Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. When challenged, the burden of persuasion rests with the plaintiff to demonstrate subject matter jurisdiction. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005); *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir.1993). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed'l Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges*, 404 F.3d at 750, and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true,[1] the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

---

[1] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

*see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

    B.    <u>Title VII Claim</u>

Title VII makes it unlawful "for an employer ... to discriminate," *inter alia*, on the basis of national origin. 42 U.S.C. § 2000e-2(a)(1).  Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…" 42 U.S.C. § 2000e(b).

Defendant contends that this employer-numerosity requirement is a jurisdictional bar that mandates dismissal of the Title VII claim on Rule 12(b)(1) grounds.  In support, Defendant provides a certification from Izabela Schick, General Manager of the Racquets Club, attesting that the club employed more than fifteen individuals for only sixteen calendar weeks in 2008 and for sixteen weeks in 2009. (Cert. of Izabela Schick ¶¶ 8, 10.)[2] Accordingly, Defendant maintains that it is does not satisfy the definition of employer under Title VII, and thus, this Court does not have subject matter jurisdiction over Plaintiff's claim.

As the Supreme Court established in *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006), Title VII's employee-numerosity requirement is not jurisdictional.  It is simply an element of Plaintiff's claim for relief.  Thus, Plaintiff's Title VII claim may not be dismissed for want of subject matter jurisdiction; however, this cause of action may be dismissed for failure to state a claim.  Defendant Racquets Club does not meet the numerosity requirement, and as such, no Title VII cause of action may lie.  *See Doe v. Goldstein's Deli*, 82 F. A'ppx 773, at *3 (3d Cir. 2003) (affirming dismissal of Title VII

---

[2] Where a defendant challenges subject matter jurisdiction on factual grounds, "the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." *Med. Soc'y of N.J. v. Herr,* 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Gould Elecs. Inc. v. U.S.,* 220 F.3d 169, 176 (3d Cir. 2000)).  In his cross-motion addressing subject matter jurisdiction, Plaintiff has not opposed the facts set forth in the Schick certification, nor has Plaintiff objected to the Court's consideration of numerosity for the purposes of this motion.

action based on plaintiff's inability to establish requisite employee-numerosity). Accordingly, this count is dismissed.

### C. New Jersey Law Against Discrimination Claim

Akin to Title VII, the NJLAD provides redress for individuals who are victims of discrimination. Under the NJLAD, a person seeking to bring a discrimination claim may elect either to file suit in New Jersey Superior Court or to file a complaint with the New Jersey Division of Civil Rights ("DCR"). N.J. Stat. Ann. § 10:5-13. If the complainant chooses to file with the DCR and pursue administrative remedies, that party is prohibited from subsequently seeking relief in New Jersey state courts, except through the appellate process. N.J. Stat. Ann. § 10:5-27. Specifically, N.J. Stat. Ann. § 10:5-27 states, "the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned." N.J. Stat. Ann. § 10:5-27. A finding of no probable cause by the DCR is a final order. N.J. Admin. Code § 13:4-10.2(e). If a claimant disagrees with a DCR finding he or she may make an appeal to the Appellate Division of the Superior Court. N.J. Stat. Ann. § 10:5-21.

Here, Plaintiff filed a claim with the DCR and, instead of pursuing appellate review pursuant to N.J. Stat. Ann. § 10:5-27, chose to file suit in this Court. Federal courts, however, consistently have dismissed NJLAD claims filed subsequent to a DCR final determination on election of remedies grounds. *See Chugh v. W. Inventory Serv., Inc.*, 333 F. Supp. 2d 285, 290-291 (D.N.J. 2004) ("[W]ith the exception of appellate review, an individual who has received a final determination by the DCR will be barred by N.J.S.A. § 10:5-27 from bringing any other action, in any forum, based on the same injury."); *see also Harter v. GAF Corp.*, 150 F.R.D. 502, 513 (D.N.J. 1993) (applying N.J.S.A § 10:5-27 to bar an NJLAD claim first filed as a DCR action); *Hedenberg v. Bando American, Inc.*, Civ. No. 91-4477, 1992 WL 443432, at *9 (D.N.J. Mar. 3, 1992) (same); *Ferrara v. Tappan Co.*, 722 F. Supp. 1204, 1205 (D.N.J. 1989) (same).

The instant case is on point with *Chugh v. W. Inventory Serv., Inc.*, 333 F. Supp. 2d 285 (D.N.J. 2004). In *Chugh*, plaintiff likewise elected an administrative remedy by filing with the DCR, received a final determination, and did not, in response, seek appellate review. *Chugh*, 333 F. Supp. 2d at 290. Since the New Jersey state courts would have barred Chugh's claim under the election of remedies provision, the *Chugh* court held that his claims would likewise be dismissed in federal court. *Id.* Similarly here, Plaintiff filed with the DCR, received a final determination, and did not seek appellate review. Once Plaintiff elected to file his claim with the DCR, he waived his right to "a second bite of the apple" in federal court. *Id.* (internal citation omitted). Accordingly, Plaintiff's LAD claim is dismissed as barred by LAD's election of remedies.

### III.     CONCLUSION

For the reasons outlined above, Defendant's motion to dismiss is **GRANTED** and Plaintiff's cross-motion to "affirm subject matter jurisdiction" is **DISMISSED AS MOOT**.  Accordingly, Defendant's complaint is dismissed with prejudice.  An Order follows this Letter Opinion.

 /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**